Filed 6/17/14  P. v. Meyers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073608 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03776) |
| v. | |
| JESSE MANULE MYERS, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**BACKGROUND**

On May 29, 2012, officers saw victim Alexis M. engage in a hand-to-hand drug sale from a parked car.  The officers' subsequent investigation of the drug sales revealed that Alexis M. had recently received a beating from her boyfriend, defendant Jesse Manule Myers.  The victim had dark bruising around both of her eyes as well as bruising on her arm and chest.  When questioned about the bruising, she initially claimed she fell off a wood pile.  She subsequently admitted that defendant, her boyfriend with whom she

1

lived, had beaten her severely several days before.  The officers transported her to the hospital, where an MRI revealed "left globe bleeding and an underlying skull base fracture."

A jury found defendant guilty of inflicting corporal injury to a cohabitant, a felony.  (Pen. Code, § 273.5.)  Defendant had a lengthy criminal record that included two previous convictions related to domestic violence, one of which resulted in a plea to misdemeanor assault in 2001 and another resulting in a felony conviction for corporal injury to a cohabitant in 2003.  He had a drug-related felony conviction in 2005 and a number of other misdemeanor convictions.  He denied committing the offense of conviction when interviewed after trial by the probation officer.  Noting that defendant was ineligible for probation absent unusual circumstances, that officer recommended the midterm of three years in prison.

Despite defendant's presumptive ineligibility for probation, the trial court suspended imposition of sentence and granted probation for a term of five years subject to certain terms and conditions including one year in county jail.  In determining that defendant's case was unusual, the trial court observed that "defendant has not engaged in any other acts of violence similar to this for quite a while" and that "[h]e has no record of engaging in this kind of behavior in recent times."  The court further observed that defendant's two prior felony convictions (from 2003 and 2005) were "from a long time ago."  Without explanation, the People agreed "that a year in jail is a fair sentence."  Defendant appeals.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and

2

we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


                                                        _____DUARTE_____ , J.


We concur:


_____BLEASE_____ , Acting P. J.


_____ROBIE_____ , J.

3